## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:18-cv-205

JUICY BURGERS TEMECULA LLC, a New Mexico Limited Liability Company,

       Plaintiff,

v.

PAUL TALBOT, an individual,

       Defendant.

---

### COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C. 1114; 15 U.S.C. 1125(A); 15 U.S.C. 1125(C); AND C.R.S. § 6-1-105

---

Juicy Burgers Temecula LLC ("Plaintiff"), by and through its undersigned counsel, alleges the following for its Complaint against Defendant Paul Talbot ("Defendant"):

### PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff is a New Mexico limited liability company with its business address located at 2307 Fenton Parkway #10769, San Diego, California, 92108.

2.      Defendant is an individual doing business as JUICY BURGERS & DOGS with his principal place of business located at 9740 Grant Street #85, Thornton, Colorado 80229.

3.      This action for trademark infringement, unfair competition, and related claims arises under 15 U.S.C. § 1114; 15 U.S.C. § 1125(a); and violation of Colorado's Consumer Protection Action under Colorado Revised Statutes § 6-1-101, *et seq.*

4.      This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for claims arising under the Lanham Act, and under 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) for the related state-law claim.

5.      This Court has personal jurisdiction over Defendant because he has committed acts of trademark infringement and unfair competition within this judicial district. Defendant conducts business within the State of Colorado and has purposefully directed his infringing activities at Colorado and its residents. Defendant also resides in and maintains his principal place of business in Thornton, Colorado.

6.      Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) and (c) because Defendant maintains his principal place of business within this judicial district, Defendant is subject to personal jurisdiction within this judicial district, Defendant has committed acts of infringement within this judicial district, and because a substantial part of the events giving rise to Plaintiff's claims occurred in Colorado.

### FACTS

1.      Plaintiff is a company providing food, restaurant, and franchising goods and services.

2.      Plaintiff is the owner of the trademark and designation JUICY BURGERS AMERICA (the "JUICY BURGER Trademark"), which is used in conjunction with restaurant goods and services.  An exemplary use of the JUICY BURGERS Trademark is shown in **Exhibit A** attached hereto.  Plaintiff began using the JUICY BURGERS Trademark in interstate commerce as a source designator at least as early as June 1978.  As such, it has established priority of use since that date.  The JUICY BURGERS Trademark is inherently distinctive and recognized by the relevant consuming public as Plaintiff's mark.

3.      Plaintiff is also the owner and assignee of U.S. Trademark Reg. No. 5,071,119 for JUICY BURGERS AMERICA.  A true and correct copy of Plaintiff's trademark registration is attached hereto as **Exhibit B**.

4.      Plaintiff sells multiple goods and services in association with the JUICY BURGERS Trademark online, including without limitation, food, restaurant, and franchising goods and services.

5.      Defendant is also in the business of restaurant goods and services and is doing business as JUICY BURGERS AND DOGS.  An exemplary use of the infringing JUICY

BURGERS AND DOGS designator is shown in **Exhibit C** attached hereto.

6.      On information and belief, Defendant's unlawful use of the JUICY BURGERS AND DOGS designator has caused actual confusion amongst consumers and initial interest confusion as to the origin of the parties' respective products and services.

7.      As a result, on information and belief, Defendant's customers purchase goods and services believing Defendant is related to or affiliated with Plaintiff.

8.      On information and belief, Defendant has adopted the designation JUICY BURGERS AND DOGS in a willful attempt to usurp Plaintiff's good will and reputation in the food service industry, and to divert business away from Plaintiff and to Defendant.

9.      Plaintiff invests substantial sums in marketing the JUICY BURGERS Trademark.  Plaintiff has established substantial good will and brand recognition with the consuming public.

10.      Defendant's infringement of the JUICY BURGERS Trademark is likely to cause confusion among consumers who expect to receive Plaintiff's goods and services but in fact receive Defendant's goods and services.  Moreover, on information and belief, Defendant's products are inferior to Plaintiff's, thereby tarnishing Plaintiff's superior reputation for its products and services.

11.      Plaintiff has been irreparably harmed and has suffered economic loss as well as the loss of good will from Defendant's unlawful and willful acts.  Because damages will constitute an insufficient remedy, Plaintiff requires equitable relief in the form of a permanent injunction restraining Defendant's activity infringing the JUICY BURGERS Trademark.

### CLAIMS FOR RELIEF

### First Claim for Relief

### (Trademark Infringement - 15 U.S.C. § 1114)

12.      Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 through 11, above, as though fully set forth herein.

13.       Defendant's use of Plaintiff's trademark has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of Plaintiff's

goods and services.

14.     On information and belief, Defendant willfully and intentionally adopted and used a source designator confusingly similar to Plaintiff's JUICY BURGERS Trademark to usurp Plaintiff's good will.

15.     By reason of the foregoing unlawful acts recited hereinabove, Plaintiff has been irreparably harmed and will continue to suffer damages until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against Defendant.

**Second Claim for Relief**

**(False Designation of Origin – 15 U.S.C. § 1125)**

16.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 through 15, above, as though fully set forth herein.

17.     On information and belief, Defendant willfully and intentionally adopted and used source designators confusingly similar to Plaintiff's JUICY BURGERS Trademark to usurp Plaintiff's good will.

18.     Additionally, Defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of Plaintiff's products.

19.     By reason of the foregoing and upon information and belief, Defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with his goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Plaintiff with defendant and as to the origin, sponsorship, or approval of Defendant's goods and commercial activities.

20.     By reason of the foregoing unlawful acts recited hereinabove, Plaintiff has been irreparably harmed and will continue to suffer damages until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against Defendant.

## Third Claim for Relief

## (Deceptive Trade Practice – C.R.S. § 6-1-105)

21.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 through 20, above, as though fully set forth herein.

22.     Defendant's acts, as set forth above, show that Defendant intentionally engaged in deceptive or unfair trade practices which negatively impacted the public and prospective customers of Plaintiff's goods and services so as to damage Plaintiff's legally protected interests and cause Plaintiff to sustain monetary damages or losses as previously alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendant for the following:

A.     Defendant, his officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

     i.     infringing Plaintiff's trademark and designation;

     ii.     competing unfairly with Plaintiff in any manner, including infringing any of Plaintiff's trademark rights; and

     iii.     conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (ii) above.

B.     Defendant shall file with the Court and serve on Plaintiff, within 30 days after the entry and service on Defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which Defendant has complied with the provisions of subparagraphs (A) above.

C.     Plaintiff recovers all damages it has sustained as a result of Defendant's infringement, false designation of origin, and unfair competition.

D.     Plaintiff be awarded Defendant's profits, corrective advertising damages and enhanced damages.

E.     An accounting be directed to determine Defendant's profits resulting from his

infringement and unfair competition and that the profits be paid over to Plaintiff,

increased as the Court determines is appropriate to the circumstances of this case.

F.      Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

G.      Plaintiff recovers its costs of this action and pre-judgment and post-judgment

interest, to the full extent allowed by law.

H.      Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117, C.R.S. § 6-1-

113(2), or any other relevant statute.

I.      Plaintiff be awarded punitive damages pursuant to any relevant statute.

J.      Plaintiff receive all other relief the Court deems appropriate.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury on its claims herein and all issues and claims

so triable in this action.

Respectfully submitted,

Dated: January 26, 2018          MANDOUR & ASSOCIATES, APC


By:   /s/ Ben T. Lila
Ben T. Lila (CA SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Plaintiff,
JUICY BURGERS TEMECULA LLC

**EXHIBIT A**

EXHIBIT A

 

## about Juicy Burgers America

### Juicy Burgers America since 1978
"America's Best Hamburger"

Americans average 100 burgers per year – The USA consumes 150 million tons of "America's favorite" food per year and 29 pounds of fries per person."
At Juicy Burgers America we've taken American classics and given them a pacific region twist utilizing local flavors of the west prepared like no other hamburger. We feature handcrafted burgers utilizing local farm to table toppings and artisan ingredients.

Following brands such as Fatburger, Gott's Roadside and Five Guys, Juicy Burgers America will capitalize on the growing trend towards bridging fast casual and casual full service dining. Focusing on this concept our unique Juicy Burgers are cooked to order with service times that exceed world class standards providing superior unique burgers to an increasingly time constrained and demanding customer base.

Juicy Burgers America also offers house signature sandwiches, street tacos, fresh salads, fries & things and small specialty plates all with our unique twist on traditional favorites.

Our desserts are over the top classics, made daily and served by our team in our grab and go display case.

The beverage menu offers a selection of sodas, specialty drinks,  California wines and local microbrew beers on tap.



EXHIBIT A

**EXHIBIT B**

EXHIBIT B



# United States of America
## United States Patent and Trademark Office

## Juicy Burgers America

**Reg. No. 5,071,119**

**Registered Nov. 01, 2016**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Walpert, Nick R (UNITED STATES INDIVIDUAL), DBA Juicy Burgers ,
2307 Fenton Parkway
2307 Fenton Parkway
SAN DIEGO, CA 92108

CLASS 35: Restaurant franchising, namely, offering business management assistance in the establishment and/or operation of restaurants

FIRST USE 6-10-1978; IN COMMERCE 6-10-1978

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "BURGERS"

SEC.2(F)

SER. NO. 86-706,655, FILED 07-28-2015
APRIL LEUD RADEMACHER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

EXHIBIT B

**EXHIBIT C**

EXHIBIT C



EXHIBIT C